IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON TIMMONS,<br>    Plaintiff | :<br>: |
| | :      No. 1:23-cv-00108 |
| v. | : |
| | :      (Judge Kane) |
| LAWRENCE BURGESS, et al.,<br>    Defendants | :<br>: |

**MEMORANDUM**

On November 3, 2020, Plaintiff Brandon Timmons ("Timmons") filed a civil rights case pursuant to 42 U.S.C. § 1983 against various individuals employed by the Pennsylvania Department of Corrections ("DOC"). See Timmons v. Isaac, No. 1:20-cv-02035 (M.D. Pa. Nov. 3, 2020), ECF No. 1. Following several rounds of amendment, the case proceeded on Timmons's fourth amended complaint. Id., ECF No. 122. Upon consideration of Defendants' motions to dismiss the fourth amended complaint, the Court concluded that it contained misjoined claims in violation of Federal Rule of Civil Procedure 20. Id., ECF Nos. 159-60. To remedy the misjoinder, several claims were dismissed without further leave to amend, several claims were dismissed without prejudice, and several claims were severed into new lawsuits for which Timmons was required to either pay separate filing fees or move for leave to proceed in forma pauperis. Id. Timmons was also required to file amended complaints with respect to each of the severed cases. Id. The instant case is the only one of the five severed cases in which Timmons complied with those orders.[1] Timmons paid the requisite filing fee on February 24, 2023, and moved for leave to amend his complaint on February 23, 2023. The motion for leave

---

[1] The other four severed cases have been dismissed without prejudice for Plaintiff's failure to pay the filing fee or move for leave to proceed in forma pauperis.

to amend is presently before the Court. For the following reasons, the Court will grant in part and deny in part the motion for leave to amend.

I.   BACKGROUND

The Court's Memorandum and Order severing this case into a separate lawsuit specified that the case would be limited to the allegation that Defendant Burgess used excessive force on September 20, 2020 and that Defendants Prince and Lux failed to provide medical care for Timmons's resulting injuries. See Timmons, No. 1:20-cv-02035, ECF No. 159 at 12. Timmons's motion for leave to amend seeks to add to the complaint a failure to provide medical care claim against Burgess and a supervisory liability claim against Brittain, the warden of SCI-Frackville. (Doc. No. 10.) Brittain was named in the original action, but was not included as one of the Defendants in the Court's Memorandum and Order severing this case from the original action. See Timmons, No. 1:20-cv-02035, ECF Nos. 159-60.

According to the allegations in Timmons's proposed amended complaint, Timmons was an inmate in SCI-Frackville on September 20, 2020, when he was transported to an outside medical center for treatment of a medical condition that was unrelated to the facts of this case. (Doc. No. 10-1 at 2.) Defendant Burgess and another officer, who were transporting Timmons to the outside medical facility, purportedly verbally harassed and threatened him while they were in transit. (Id.)

Upon arriving at the medical facility, Timmons refused to have his blood drawn. (Id.) Defendant Burgess allegedly responded by repeatedly punching Timmons in the face and forcing him to have his blood drawn. (Id.) Timmons allegedly suffered a broken nose, a concussion, multiple "knots and hickies," and "massive swelling." (Id.) Defendant Burgess and other officers allegedly refused to get Timmons medical treatment for the injuries. (Id.)

Timmons was temporarily transferred to SCI-Dallas, where he was seen by Defendant Lux, a nurse in the prison. (Id.) Timmons told her that he needed treatment, but Lux allegedly refused to provide him any treatment or medication. (Id.) Lux also allegedly falsified documents to cover up her refusal to provide treatment and to conceal the true extent of Timmons's injuries. (Id.) Timmons was seen by Defendant Prince, a doctor in the prison, later that day. (Id.) Timmons told him about his injuries, but Prince allegedly refused to treat him. (Id.) Upon his transfer back to SCI-Frackville, Timmons continued to seek medical care for his injuries but was denied such care. (Id.) Timmons informed Brittain sometime in September 2020 that he was not receiving medical care, but Brittain allegedly took no action to get him care. (Id.)

Defendants oppose the motion for leave to amend. Defendants Burgess and Lux argue that Timmons should not be granted leave to add the proposed new claims against Burgess and Brittain because: (1) the claims violate the terms of the Court's Order that severed this case from the original matter; (2) the claims are untimely; and (3) Timmons failed to exhaust administrative remedies with respect to the claims. (Doc. No. 13.) Defendant Prince argues that leave to amend should be denied as futile with respect to the claims against him because Timmons failed to file a certificate of merit with respect to the malpractice claim and because the proposed amended complaint fails to state a claim for deliberate indifference to a serious medical need upon which relief may be granted. (Doc. No. 15.) Timmons has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The motion for leave to amend is accordingly ripe for review.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure allow for liberal amendment of pleadings in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted); see also Fed. R. Civ. P. 15(a)(2). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. Amendment is futile when the amended complaint would not survive a motion to dismiss. See Talley v. Wetzel, 15 F.4th 275, 285 (3d Cir. 2021).

## III. DISCUSSION

The Court will first address Defendants' argument that the new claims included in the proposed amended complaint against Burgess and Brittain are untimely. Both claims are civil rights claims filed pursuant to 42 U.S.C. § 1983 and are accordingly governed by Pennsylvania's two-year statute of limitations for personal injury actions. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

The Court finds that the proposed new claims against Burgess and Brittain are untimely. Both concern conduct that occurred in September 2020, but Plaintiff did not assert the claims until February 14, 2023, the date he submitted his proposed amended complaint to prison officials. See (Doc. No. 10-1 at 2-3). Timmons has also not advanced any argument to toll the limitations period, and it his burden to advance such an argument. See Swietlovich v. Bucks Cnty., 610 F.2d 1157, 1162 (3d Cir. 1979).

Although Timmons has not advanced any arguments in response to Defendants' timeliness argument, the Court will independently assess whether the proposed claims may be deemed timely pursuant to the relation back doctrine. Under the doctrine, which is codified in Federal Rule of Civil Procedure 15(c), a claim raised in an amended complaint is treated as if it had been filed on the date of the original complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." See Fed. R. Civ. P. 15(c)(1)(B); Southeastern Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc., 12 F.4th 337, 344-45 (3d Cir. 2021).[2] "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012). The purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." See Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010).

The "touchstone" of whether claims are sufficiently related for purposes of the relation back doctrine is "fair notice," because the doctrine is "premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" See Glover, 698 F.3d at 145 (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984)). "Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." Id. (quoting Bensel v. Allied Pilots

---

[2] Rule 15(c) allows a claim raised in an amended complaint to relate back to the original complaint in two other situations, neither of which is relevant to the instant analysis. See Fed. R. Civ. P. 15(c).

Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)).  Amended claims "that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)."  See Bensel, 387 F.3d at 310.  On the other hand, "amendments 'that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.'"  See Glover, 698 F.3d at 145 (quoting United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002)).  Where the original complaint did not give the defendant fair notice of the claim that the plaintiff attempts to assert in the amended complaint and the grounds upon which the claim rests, relation back is not appropriate.  See id.

      The Court finds that the proposed claims do not relate back to the complaints filed in the original action.  As originally pleaded, Plaintiff's prior complaints gave Defendant Burgess notice that Plaintiff was asserting an excessive force claim against him, but gave no indication that Plaintiff intended to assert a denial of medical care claim against him.  See Timmons, No. 1:20-cv-02035, ECF No. 122.  Although the fourth amended complaint in the original action alleged that Timmons asked Burgess for medical attention after Burgess allegedly assaulted Timmons and that Burgess refused, the statement of Timmons's claims made clear that the denial of medical care claims arising from the incident were only brought against Defendants Prince and Lux.  See id. at 7, 16.  The gravamen of the claim against Burgess was therefore that he allegedly assaulted Timmons and caused him physical injuries.  Nothing in the nature of that claim put Burgess on notice that he was also being sued for denial of medical care.

      As for Brittain, no allegations were made in the original action that Timmons informed her of his lack of medical care in September 2020.  See generally Timmons, No. 1:20-cv-02035, ECF No. 122.  Although Timmons made general claims of supervisory liability against Brittain,

6

none of these specifically alleged that she was aware of a lack of medical care arising from the alleged assault by Burgess.  See id. at 10, 17.  Moreover, there was no basis for Brittain to assume that she was a named defendant based on the claims against Prince and Lux, given that Brittain is the superintendent of SCI-Frackville and the claims against Prince and Lux allege that they refused Timmons medical care while he was temporarily housed at SCI-Dallas.  See id. at 8.  Accordingly, leave to amend will be denied with respect to the proposed new claims against Burgess and Brittain because the claims are untimely and do not relate back to Timmons's complaints in the original matter.

Turning to the claims against Defendant Prince, the Court first considers Prince's argument that the malpractice claim against him should be dismissed based on Timmons's failure to file a certificate of merit.  Under Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff must file a certificate of merit in any case in which the plaintiff alleges that "a licensed professional deviated from an acceptable professional standard" within sixty days after filing the complaint.  See Pa. R. Civ. P. 1042.3.  Rule 1042.3 is substantive law that must be applied by United States District Courts when considering a claim of malpractice under Pennsylvania law. See Liggon-Redding v. Estate of Sugerman, 659 F.3d 258, 264-65 (3d Cir. 2011).

Under Pennsylvania Rule of Civil Procedure 1042.7, defendants may not seek dismissal of a malpractice claim based on the lack of a certificate of merit unless the defendants have provided thirty days' notice prior to seeking dismissal.  See Pa. R. Civ.. P. 1042.7(a)(4); see also Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015) ("The condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the COM regime is substantive and must be applied in federal court.  Uchal was therefore required to provide Schmigel with notice before he had a right to dismiss this action, and his failure to do so requires reinstatement of this action in the District Court.").

At the outset, the Court disagrees with Defendant Prince as to when Timmons first asserted a malpractice claim against him. Prince avers that the malpractice claim was first raised on September 7, 2021, but the Court's review of Timmons's third and fourth amended complaints in the original action indicates that the malpractice claim was first raised in the fourth amended complaint on April 20, 2022. See Timmons, No. 1:20-cv-02035, ECF Nos. 64, ECF No. 122 at 18.

Having reviewed the record of this case and the original action, the Court is constrained to deny Prince's argument to dismiss the malpractice claim because there is no indication in the record that Prince provided the requisite 30 days' notice prior to seeking dismissal of the claim. Prince did not file a notice of his intent to move to dismiss the claim at any point prior to moving to dismiss the fourth amended complaint in the original action, nor has he done so prior to opposing Timmons's instant motion for leave to amend. Prince asserts that he filed a 30-day notice of his intent to dismiss the malpractice claim "on or about April 22, 2022," but there is no document on the docket of this case to support this contention. Accordingly, the Court must deny his argument without prejudice. See Schmigel, 800 F.3d at 124; accord Sutton v. Noel, No. 1:19-cv-02080, 2021 WL 4860772, at *6 (M.D. Pa. Oct. 19, 2021).[3]

Finally, Defendant Prince argues that amendment would be futile to the extent Timmons asserts a claim against him for deliberate indifference to a serious medical need because the

---

[3] A panel of the Third Circuit has suggested in a recent unpublished opinion that the notice required by Rule 1042.7 may be satisfied by the filing of a motion to dismiss. See Folk v. Bureau of Prisons, No. 21-1543, 2021 WL 3521143, at *2 (3d Cir. Aug. 11, 2021). The Court construes Schmigel as reaching the opposite conclusion. See Schmigel, 800 F.3d at 124 (noting that defendant must provide thirty days' notice "prior to seeking dismissal"). Hence, the Court follows the controlling precedent of Schmigel and concludes that Prince needed to provide thirty days' notice prior to seeking dismissal of Timmons's malpractice claim for failure to file a certificate of merit.

proposed amended complaint fails to state a deliberate indifference claim upon which relief may be granted. (Doc. No. 15 at 5-8.) The Court disagrees. Timmons alleges that he suffered a broken nose, a concussion, and other injuries, and that Prince refused to treat these injuries. The Court finds these allegations sufficient to state a claim for deliberate indifference to a serious medical need.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Timmons's motion for leave to amend. An appropriate Order follows.